# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARK A. COCHRAN,

      Petitioner,

vs.                                     No. CV 18-00320 KG/KK

STATE OF NEW MEXICO,

      Respondent.

## MEMORANDUM OPINON AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Mark A. Cochran. (Doc. 1). The Court will dismiss the Petition as time-barred under 28 U.S.C. § 2244(d)(1) and for failure to state a cognizable claim under either 28 U.S.C. § 2254 or 42 U.S.C. § 1983.

Petitioner Cochran filed his § 2254 Petition on April 5, 2018. (Doc. 1). In his Petition, he states that he is challenging his conviction for kidnapping and aggravated assault on a peace officer in State of New Mexico, County of McKinley, Eleventh Judicial District cause no. D-1113-CR-2010-214. (Doc. 1 at 1, ¶¶ 1-5). Cochran pled guilty and was sentenced in cause no. D-1113-CR-2010-214 on July 25, 2011. Judgment was entered on the conviction and sentence on August 1, 2011. (Doc. 1 at 1, ¶ 2). The Petition indicates that Cochran did not file a direct appeal from the judgment on his conviction and sentence. (Doc. 1 at 3, ¶ 11). The only post-judgment proceedings he has submitted are a Petition for Discovery filed in the Eleventh Judicial District Court on September 18, 2017 and a Petition for a Writ of Mandamus in the New Mexico Supreme Court, which was denied on December 15, 2017. (Doc. 1 at 3, ¶ 11; at 5-6, ¶ 12).

1

Petitioner Cochran asserts a denial of due process as the sole grounds for his § 2254 Petition. (Doc. 1 at 5, ¶ 12). Petitioner Cochran also states:

> "Petitioner seeks to file a pro se state petition for a writ of habeas corpus pursuant to Rule 5-802 (I)(4) NMRA. Pro se litigants must petition the district court to pursue discovery. Petitioner is unable to construct a meaningful and cogent petition without first obtaining his discovery. . .
>
> Petitioner is not challenging his conviction under § 2254. Petitioner seeks review of the State of New Mexico's denial of his due process right to pursue post conviction relief under Rule 5-802 NMRA. Petitioner contends that he has constitutional rights under both federal and state constitutions."

(Doc. 1 at 5, 13). Cochran asks the Court to "order the State of New Mexico to grant Petitioner's request for discovery and find that Rule 5-802(I)(4) is unconstitutional for barring equal protection and the constitutional right to petition the State for habeas corpus relief." (Doc. 1 at 15).

On April 6, 2018, the Court entered an Order to Show Cause, noting that Cochran's Petition appeared to be time-barred or, alternatively, did not state a claim on which relief can be granted. (Doc. 4). The Court ordered Cochran to show cause, within 30 days, why the Petition should not be dismissed. Cochran responded to the Order to Show Cause on May 4, 2015. (Doc. 5). In his Response, Cochran again states that he is not challenging his conviction or sentence and he "reiterates and acknowledges that under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") that the one-year statute of limitations has long since expired in his case." (Doc. 5 at 3). Instead, he states that:

> "the crux of the matter hinges on whether or not the State of New Mexico can legally establish rules that violate due process and equal protection of prisoners who seek post conviction relief through a state petition for a writ of habeas corpus"

(Doc. 5 at 6-7).

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides:

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2). The 1-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a state habeas corpus petition is filed. However, tolling occurs only when "a properly filed application for [s]tate post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002);

*see also Holland v. Florida*, 560 U.S. 631, 635, 638, (2010). A § 2254 petition filed after the 1-year period has expired is time-barred. 28 U.S.C. § 2244(d).

The 1-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

Petitioner Cochran's New Mexico conviction and sentence became final no later than September 2011. The 1-year AEDPA limitation period expired by September 2012. 28 U.S.C. § 2244(d)(1)(A). Cochran did not file anything in either state or federal court until his Petition for Discovery in 2017, long after the 1-year limitation period expired and his Petition for Discovery did not serve to toll the running of the statute of limitations. *Carey v. Saffold*, 536 U.S. at 219–20. On the face of his Petition, and as conceded by Petitioner Cochran, any § 2254 claim challenging his conviction or sentence is time-barred under 28 U.S.C. § 2244(d)(1).

Alternatively, even if Cochran's Petition is not time-barred, it does not state any claim for § 2254 relief. Habeas corpus relief is only available where the petitioner contends his custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The federal courts cannot grant habeas relief for errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991). If the state court did not follow its own rules, this error will not give rise to habeas

relief unless failure to follow the rules also constituted a violation of due process guaranteed by the federal constitution. *See Hicks v. Oklahoma,* 447 U.S. 343, 346 (1980); *Aycox v. Lytle,* 196 F.3d 1174, 1180 (10th Cir.1999).

Petitioner Cochran does not contend that his custody is in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Instead, he seeks review by this Court of the State Court's failure to allow him to engage in discovery under a state procedural rule prior to filing a state habeas corpus petition, arguing that the failure to permit pre-filing discovery violates due process. (Doc. 1 at 13, 15). New Mexico's Rule of Criminal Procedure 5-802 governs proceedings, including discovery, for pending state habeas corpus cases. The Rule does not authorize discovery prior to the filing of a habeas corpus petition. However, even if Rule 5-802 did permit pre-filing discovery, there is no federal constitutional due process right to or guarantee of such discovery. *Hicks,* 447 U.S. at 346; *Aycox,* 196 F.3d at 1180. Cochran's Petition does not state any claim for relief under 28 U.S.C. § 2254 because he is not challenging his custody and there is no right to § 2254 relief for alleged violation by the State of a state court discovery rule. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989).

Cochran suggests that his filing could be "framed as a 42 U.S.C. § 1983 civil right violation." (Doc. 5 at 1). Even if the Court were to construe his Petition as a § 1983 prisoner civil rights complaint, it still does not state any claim for relief. First, Cochran names the State of New Mexico as the respondent. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989). Section 1983 does not abrogate a state's sovereign immunity

and neither the State nor its agencies qualify as "persons" under § 1983. *Will,* 491 U.S. at 67, 71; *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished).

Second, § 1983 is a remedial vehicle for raising claims based on the violation of federal constitutional rights. *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the United States Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Cochran does not allege facts showing violation of any federal constitutional right and his Petition fails to state any claim for relief under § 1983. *Twombly*, 550 U.S. at 555. The Court also determines that, because his Petition does not state any cognizable federal claim, allowing Cochran to amend would be futile and the Court will dismiss without leave to amend the Petition. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Mark Cochran (Doc. 1) is **DISMISSED** as barred by 28 U.S.C. § 2244(d)(1) or for failure to state a 28 U.S.C. § 2254 or a 42 U.S.C. § 1983 claim for relief.

_____
UNITED STATES DISTRICT JUDGE